**Eugenio ORTEGA–CAZARRUBIA, a.k.a. Eugenio C. Ortega, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–70627.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2011.*

Filed April 14, 2011.

Smirna Ayala, Law Offices of Ronzio & Associates, Frank E. Ronzio, Ronzio & Associates, Los Angeles, CA, for Petitioner.

Anna Nelson, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Eugenio Ortega–Cazarrubia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

Ortega–Cazarrubia does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1989 conviction for sexual battery under California Penal Code § 243.4.

The BIA correctly determined that Ortega–Cazarrubia is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). Ortega–Cazarrubia's legal and constitutional challenges to this determination are foreclosed by *Abebe v. Mukasey,* 554 F.3d 1203, 1207, 1208 n. 7 (9th Cir.2009) (en banc) (per curiam).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.